UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY MUNYIRI,                            )  <br>    Plaintiff                                   )  <br>                                                     )  <br>vs.                                                )  <br>                                                     )  <br>Trinity EMS , Lowell Police  Officer )  <br>John Doe , Lowell Police Officer    )  <br>John Doe 2,  Trinity EMS employee )  <br>1, Trinity EMS employee 2 , Trinity )  <br>EMS employee 3,                          )  <br>    Defendants                             )  | CIVIL NO.: 11-11873 |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

PRELIMINARY STATEMENT

This is an action to recover for damages against certain officers of the Lowell Police Department and Trinity EMS, and certain employees of Trinity EMS. This complaint is brought pursuant to 42 U.S.C. §1983 to obtain redress for the deprivation of rights secured by the United States Constitution and The Massachusetts Declaration of Rights. The claims stem from a series of unlawful involuntary commitments of the Plaintiff for mental health evaluations.

JURISDICTION

This court has jurisdiction of this matter pursuant to 28 U. S.C. § 1331 and § 1367.

PARTIES

1.     The Plaintiff is a citizen of the United States and has a residence at Lowell, Middlesex County, Massachusetts.

2.     The defendant, Lowell Police Officer John Doe, was at all relevant times an officer of the City of Lowell Police Department, Lowell, Middlesex County, Massachusetts.

3.     The defendant, Lowell Police Officer John Doe 2, was at all relevant times an officer of the City of Lowell Police Department, Lowell, Middlesex County, Massachusetts.

4.	The Defendant, Trinity EMS, was at all relevant times a Massachusetts business with an address of 1221 Westford Street, Lowell, Middlesex County, Massachusetts.

5.	The Defendant, Trinity EMS employee 1, was at all relevant times an employee of Trinity EMS, a Massachusetts business with an address of 1221 Westford Street, Lowell, Middlesex County, Massachusetts.

6.	The Defendant, Trinity EMS employee 2, was at all relevant times an employee of Trinity EMS, a Massachusetts business with an address of 1221 Westford Street, Lowell, Middlesex County, Massachusetts.

7.	The Defendant, Trinity EMS employee 3, was at all relevant times an employee of Trinity EMS, a Massachusetts business with an address of 1221 Westford Street, Lowell, Middlesex County, Massachusetts.

## ALLEGATIONS OF FACT

8.	On October 25, 2008, the Plaintiff was transported from her residence to Lowell General Hospital by employees of Trinity EMS.

9.	The purpose of the October 25, 2008 transport was for a mental health evaluation, purportedly ordered by an employee of the Lowell Police Department pursuant to Massachusetts General Laws Chapter 123, titled " Emergency restraint of dangerous persons; application for hospitalization; examination".

10.	The October 25, 2008 transport was accomplished with the use of physical force and restraint, against the Plaintiff's will and over her objection;

11.	Massachusetts General Laws, chapter 123, §12 mandates that a "police officer who believes that failure to hospitalize a person would create a likelihood of serious harm by reason of mental illness, may restrain such person, and apply for the hospitalization of such person."

12.	At no time did the Lowell police officer apply for the hospitalization of the Plaintiff, but instead ordered the Plaintiff's hospitalization without the due process demanded by law.

13.	At no time did any circumstances exist requiring the involuntary hospitalization of the Plaintiff without due process.

14.	At no time did Trinity EMS or any employee thereof have the right or authority to transport the Plaintiff by force and against her will on October 25, 2008.

15. At no time did Trinity EMS or any employee thereof verify or attempt to verify that the transportation of the Plaintiff by force and against her will on October 25, 2008 was lawful, or that an application for the same had been made and approved.

16. On October 31, 2008, the Plaintiff was transported from her residence to Lowell General Hospital by employees of Trinity EMS.

17. The purpose of the October 31, 2008 transport was for a mental health evaluation, purportedly ordered by an employee of the Lowell Police Department pursuant to Massachusetts General Laws Chapter 123, titled " Emergency restraint of dangerous persons; application for hospitalization; examination".

18. The October 31, 2008 transport was accomplished with the use of physical force and restraint, against the Plaintiff's will and over her objection;

19. Massachusetts General Laws, chapter 123, §12 mandates that a "police officer who believes that failure to hospitalize a person would create a likelihood of serious harm by reason of mental illness, may restrain such person, and apply for the hospitalization of such person."

20. At no time did the Lowell police officer apply for the hospitalization of the Plaintiff, but instead ordered the Plaintiff's hospitalization without the due process demanded by law.

21. At no time did any circumstances exist requiring the involuntary hospitalization of the Plaintiff without due process. Each of the hospitalizations were initiated due solely to the Plaintiff's singing of gospel music in public.

22. At no time did Trinity EMS or any employee thereof have the right or authority to transport the Plaintiff by force and against her will on October 31, 2008.

23. At no time did Trinity EMS or any employee thereof verify or attempt to verify that the transportation of the Plaintiff by force and against her will on October 31, 2008 was lawful, or that an application for the same had been made and approved.

## CLAIMS FOR RELIEF

### COUNT I - 42 U.S.C. §1983

24. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 23.

25.     At all times material to this complaint, defendants were acting under color of the law, statutes, ordinances and regulations of the Commonwealth of Massachusetts, and the Lowell Police Department.

26.     By the actions described above, defendants deprived the Plaintiff of clearly established constitutional rights including the following:

a. The right to freedom from deprivation of life and liberty without due process of law.

b. The right of an individual to be secure in his or her person.

c. The right to due process and equal protection of law.

d. Such other rights, including those set forth above, which are guaranteed under the Laws and the Constitution of the United States by the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1981, 1983, 1986 and 1988.

27.     By engaging in the conduct described above, each of the defendant police officers acted intentionally, willfully, wantonly, recklessly and with deliberate indifference to deprive the Plaintiff of her rights, privileges and immunities as guaranteed by the Constitution and laws of the United States and by the Constitution and laws of the Commonwealth of Massachusetts.

28.     By engaging in the conduct described above, Trinity EMS and each of the Trinity EMS employees acted intentionally, willfully, wantonly, recklessly and with deliberate indifference to deprive the Plaintiff of her rights, privileges and immunities as guaranteed by the Constitution and laws of the United States and by the Constitution and laws of the Commonwealth of Massachusetts.

29.     As a direct and proximate result of the acts and omissions of defendants, the Plaintiff suffered severe emotional distress and economic damages.

## COUNT 2- NEGLIGENCE

30.     Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 29.

31.     At all times material to this complaint, defendants were negligently acting under color of the law, statutes, ordinances and regulations of the Commonwealth of Massachusetts, and the Lowell Police Department.

32.     By the actions described above, defendants negligently deprived the Plaintiff of clearly established constitutional rights including the following:

a. The right to freedom from deprivation of life and liberty without due process of law.

b. The right of an individual to be secure in his or her person.

c. The right to due process and equal protection of law.

d. Such other rights, including those set forth above, which are guaranteed under the Laws and the Constitution of the United States by the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1981, 1983, 1986 and 1988.

33.     By engaging in the conduct described above, each of the defendant police officers acted negligently to deprive the Plaintiff of her rights, privileges and immunities as guaranteed by the Constitution and laws of the United States and by the Constitution and laws of the Commonwealth of Massachusetts.

34.     By engaging in the conduct described above, Trinity EMS and each of the Trinity EMS employees acted negligently to deprive the Plaintiff of her rights, privileges and immunities as guaranteed by the Constitution and laws of the United States and by the Constitution and laws of the Commonwealth of Massachusetts.

35.     As a direct and proximate result of the negligent acts and omissions of defendants, the Plaintiff suffered severe emotional distress and economic damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this court grant the following relief:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damages against the defendants;

3. Award plaintiff all reasonable costs and attorney's fees;

4. Such other relief as the court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES AND COUNTS

Respectfully submitted,
the Plaintiff,
By her Attorney,

 /s/ Paul R. Chomko
Paul R. Chomko, Esquire
BBO No. 637716
ALFORD & BERTRAND, L.L.C.
60 Arsenal Street
P.O. Box 322
Watertown, MA  02471-0322
(617) 926-8800
Fax (617) 924-7780
paul@alfordbertrand.com