UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11873-GAO

MARY MUNYIRI,
Plaintiff,

v.

TRINITY EMS, OFFICER RICHARD J. LEAVITT, TRINITY EMS EMPLOYEE PAUL
MARTIN, TRINITY EMS EMPLOYEE GARRET DEJONG, TRINITY EMS EMPLOYEE
AARON PASKALIS, TRINITY EMS EMPLOYEE WILLIAM KEY, TRINITY EMS
EMPLOYEE MICHAEL DOWD, and TRINITY EMS EMPLOYEE ROBERT DEFLUMERI.
Defendants.

OPINION AND ORDER
November 13, 2014

O'TOOLE, D.J.

The plaintiff, Mary Munyiri, brings this action against Trinity EMS, a number of Trinity EMS employees, and Officer Richard J. Leavitt, alleging violation of civil rights under 42 U.S.C. § 1983, as well as state law tort claims of negligence and assault and battery. Leavitt moved for summary judgment. The plaintiff did not timely oppose the motion.

I.  **Factual Background**

The following facts are from the undisputed summary judgment record:

On October 28, 2008, the plaintiff was transported from her residence to Lowell General Hospital by Trinity EMS for a mental health evaluation ordered by the defendant Leavitt, a Lowell Police Officer, pursuant to Massachusetts General Laws Chapter 123, Section 12, entitled "Emergency Restraint of Dangerous Person; Application for Hospitalization; Examination" ("Section 12").

Leavitt had been dispatched to the plaintiff's address upon the report by a neighbor Caroline Mwangi of a "woman out of control." Mwangi had observed the plaintiff walking in the middle of the street, singing aloud and narrowly missing motorists. When Mwangi approached the plaintiff, the plaintiff demanded a notebook about which Mwangi knew nothing. Upon arrival, Leavitt heard the plaintiff singing loudly inside her apartment. He was let into the apartment by a maintenance worker and spoke with the plaintiff's son who said his mother had been acting "crazy" since the previous night. The plaintiff refused to stop singing when Leavitt asked. She repeatedly stated that her singing was affecting the presidential election and that the Lord was telling her to sing. Leavitt had Munyiri transported to Lowell General Hospital where he completed an Application for and Authorization of Temporary Involuntary Hospitalization pursuant to Mass. Gen. Laws ch. 123, § 12. The plaintiff was admitted and characterized as showing acute onset of psychosis.

**II.**   **Standard of Review**

Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish that existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing the basis for its motion and identifying where there exists a lack of any genuine issue of material fact. Id. at 323. A dispute is "genuine" only if a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must "view the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

## III. Discussion

### A. Count I: 42 U.S.C. § 1983

In Count I, the plaintiff seeks monetary damages for alleged violations of 42 U.S.C. § 1983. The plaintiff alleges that the defendant deprived her of her rights under the Fourth and Fourteenth Amendments, including the right to be free from deprivations of life and liberty without due process of law, the right to be secure in one's person, and the right to due process and equal protection of the law.

Leavitt claims the protection of qualified immunity. To defeat a claim of qualified immunity, the plaintiff must show that: (1) the facts alleged or shown by the plaintiff establish the violation of a constitutional right; and (2) the right was clearly established at the time of the alleged violation. Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009). The facts in the record do not establish the violation of a constitutional right by Leavitt.

The facts show that Leavitt could reasonably have concluded, given signs of the plaintiff's mental illness and conduct in the street, that there was an objectively reasonable possibility that Munyiri was exposing to potential danger both herself and those around her. Leavitt's actions taken under the authority of Section 12 were likewise objectively reasonable. That statute provides:

> In an emergency situation, if a physician, qualified psychologist, qualified psychiatric nurse mental health clinical specialist or licensed independent clinical social worker is not available, a police officer, who believes that failure to hospitalize a person would create a likelihood of serious harm by reason of mental illness may restrain such person and apply for the hospitalization of such person for a 3-day period at a public facility or a private facility authorized for such purpose by the department.

Mass. Gen. Laws. ch 123, § 12(a). This Court has had occasion to perform an identical analysis in another similar case in which a police officer acted pursuant to Section 12. There, as here, the Court found that "a reasonable officer was fully warranted in concluding that [plaintiff] required

3

protective custody to safeguard both [plaintiff] and his neighbors. Because [defendant] then followed the prescribed statutory procedures for just such a situation, he is entitled to qualified immunity." Tarabolski v. Town of Sharon, No. 94-cv-10045-RWZ, 1995 WL 169120, at *2 (D. Mass. Mar. 16, 1995) aff'd, 70 F.3d 110 (1st Cir. 1995). Here, the facts show that Leavitt's conclusion of dangerousness was objectively reasonable and that his subsequent actions conformed to the procedures of Section 12.

### B. Counts II and III: Negligence; Assault and Battery

Leavitt's restraint of the plaintiff was within the scope of his legal authority under Section 12 and so cannot be grounds for tort recovery. Section 22 of the same chapter provides:

> Physicians, qualified psychologists, qualified psychiatric nurse mental health clinical specialists, police officers and licensed independent clinical social workers shall be immune from civil suits for damages for restraining, transporting, applying for the admission of or admitting any person to a facility or the Bridgewater state hospital if the physician, qualified psychologist, qualified psychiatric nurse mental health clinical specialist, police officer or licensed independent clinical social workers acts pursuant to this chapter.

Mass. Gen. Laws ch. 123, § 22. See also Tarabloski, 1995 WL 169120, at *3 (granting summary judgment on federal claims and finding a false imprisonment claim not actionable under § 22). Because Counts II and III arise from the restraint imposed pursuant to Chapter 123, Leavitt is entitled to immunity from those claims under Massachusetts law.

## IV. Conclusion

For the reasons stated herein, the defendant's Motion (dkt. no. 57) for Summary Judgment is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

4